UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

WILLIAM BILLY G. CARTER, )
a/k/a WILLIAM BILLY GENE CARTER, )
)
      Plaintiff, )
)
v. ) Case No.: 15-4116-CV-C-SRB-P
)
RHINNIA ANDREWS, et al., )
)
      Defendants. )

## ORDER

Plaintiff is confined at the Fulton State Hospital in Fulton, Missouri, as a civilly-committed, sexually-violent predator. He has filed this case pro se, seeking relief pursuant to 42 U.S.C. § 1983 for alleged violations of his federally protected rights.

On June 8, 2015, the Court summarily dismissed Plaintiff's complaint pursuant to § 1915(e)(2)(B)(i), as legally frivolous. Plaintiff appealed the Court's decision. On November 16, 2015, the Eighth Circuit dismissed Plaintiff's appeal of this Court's ruling for a lack of jurisdiction. The Eighth Circuit explained the Court's Order dismissing the complaint "failed to dispose of [Plaintiff's allegations regarding failure-to-protect and retaliation] and thus did not constitute a final order." (Doc. #9, p. 2). In accordance with the Eighth Circuit's Judgment, this Court will address Plaintiff's allegations regarding his failure-to-protect and retaliation claims. For the reasons explained below, Plaintiff's failure-to-protect and retaliation claims are DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

## I. Legal Standard

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980). Civil rights claimants must plead facts showing the defendant's personal involvement in alleged constitutional wrongdoing. Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir. 1999) (upholding summary dismissal of civil rights claims, because the plaintiff's complaint "failed to allege sufficient personal involvement by any of the defendants to support such a claim").

## II. Failure to Protect

In Counts Two and 2/3, Plaintiff explains Defendants "allow convicted sex offenders to bager [sic] plaintiff to no end, make continued threats to do plaintiff harm (including being assaulted on 3-13-2015 by a convicted sex offender with scrap [sic] to elbow and cut to index finger) … which defendant Andrews, Moore, Artman, Hunter, Womack, Shippley, as supervisor allowed this to happen even though they knew [other] inmate … is a dangerous violent convicted

sex offender." (Doc. #1, p. 6-7). Plaintiff claims Defendants are liable for violating his constitutional rights "by allowing threats, [and] violent attacks on plaintiff." Id. at 7.

"Prison inmates have a clearly established Eighth Amendment right to be protected from violence by other inmates." Curry v. Crist, 226 F.3d 974, 977 (8th Cir. 2000); See Farmer v. Brennan, 511 U.S. 825, 833 (1994). Although the Eighth Amendment applies only to convicted prisoners, the Fourteenth Amendment provides civilly-committed individuals and other detainees "at least the same level of constitutional protection as the Eighth Amendment." Nelson v. Shuffman, 603 F.3d 439, 446 n.3 (8th Cir. 2010) (considering a sex offender treatment center detainee's failure-to-protect claim under the same standards applicable to a prisoner's failure-to-protect claim). "State actors in mental health facilities owe a constitutional-level duty of care to involuntarily held patients." Shelton v. Ark. Dept. of Human Serv., 677 F.3d 837, 840 (8th Cir. 2012). "It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." Farmer, 511 U.S. at 834. Under the Eighth Amendment, the defendants are required "to ensure reasonable safety, a standard that incorporates due regard for [the] officials' unenviable task of keeping dangerous men in safe custody under humane conditions." Id. at 844-45 (internal citations omitted).

In order to state a failure-to-protect claim under the Eighth or the Fourteenth Amendment, a prisoner or detainee must allege that "(1) defendants were aware of facts from which they could infer the existence of a substantial risk of serious harm to him, (2) they actually drew the inference, and (3) they failed to take reasonable steps to protect him." Schofield v. Hopkins, 491 Fed. Appx. 772, 774 (8th Cir. 2012); See also Farmer v. Brennan, 511 U.S. 825, 836–38 (1994). A "plaintiff must show something more than mere inadvertence or negligence."

Branchcomb v. Brewer, 669 F.2d 1297, 1298 (8th Cir. 1982) (per curiam). "A failure-to-protect claim has an objective component, whether there was a substantial risk of harm to the inmate, and a subjective component, whether the prison official was deliberately indifferent to that risk." Curry, 226 F.3d at 977. Deliberate indifference exists if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware and he must also draw the inference." Taylor v. Dormire, 07-4212-CV-C-SOW, 2008 WL 5071135, at *1 (W.D. Mo. Nov. 24, 2008) (quoting Farmer v. Brennan, 511 U.S. 828, 843 (1970)).

Here, Plaintiff identified an incident that occurred on March 13, 2015, where he described being assaulted by a convicted sex offender that resulted in a scrape on his elbow and a cut on his index finger. Plaintiff states Defendants "Andrews, Moore, Artman, Hunter, Womack, [and] Shippley, as supervisor allowed this to happen even though they knew inmate … is a dangerous violent convicted sex offender." (Doc. #1, p. 6-7). The only alleged facts upon which Plaintiff states Defendants should have inferred a substantial risk of harm to him is the general nature of the inmate's convictions and not any fact specific to Plaintiff. "But [officials] are not required to segregate indefinitely all inmates whose original crimes suggest they might be capable of further violence." Curry, 226 F.3d at 978. Plaintiff also claims Defendants allowed him to be threatened and badgered by convicted sex offenders. Id. at p. 6. Plaintiff has not provided any other facts pertaining to the circumstances of the alleged assault and threats or what actions were taken in response to the alleged assault and threats. Even though Plaintiff alleges Defendants "allowed" threats to be made against him, "threats between inmates are common and do not, under all circumstances, serve to impute actual knowledge of a substantial risk of harm." Prater v. Dahm, 89 F.3d 538, 541 (8th Cir. 1996). "[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded

reasonably to the risk, even if the harm ultimately was not averted." Farmer, 511 U.S. at 844. Pleading sufficient facts regarding what actions were taken by Defendants, as well as actions taken by Plaintiff are essential to stating a claim. An "official's duty under the Eighth Amendment is to ensure 'reasonable safety,'" and without additional facts, Plaintiff has failed to properly plead the first and second elements of his claim. Id. (quoting Helling v. McKinney, 509 U.S. 25, 33 (1993)).

Even if Plaintiff had sufficiently pleaded that "[D]efendants were aware of facts from which they could infer the existence of a substantial risk of serious harm to [Plaintiff]," he has failed to show that Defendants were deliberately indifferent to that risk. Schofield, 491 Fed. Appx. at 774. "Whether one puts it in terms of duty or deliberate indifference, prison officials who act reasonably cannot be found liable[.]" Farmer, 511 U.S. at 845. Assuming all facts as true, the Court is still unable to conclude whether Defendants acted unreasonably and were deliberately indifferent to any risk to Plaintiff. Plaintiff has failed to plead facts relating to the conduct of the Defendants that would help to establish the level of subjective knowledge required for a violation of Plaintiff's constitutional rights.

Accordingly, the Court finds Plaintiff has failed to allege facts which, taken as true, demonstrate Defendants failed to meet the "reasonable safety" standard and establish a violation of his clearly recognized constitutional rights. Therefore, Plaintiff's failure-to-protect claims against Defendants are dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief can be granted.

Additionally, it appears Plaintiff may have attempted to assert a failure-to-protect claim against Defendant Shippley based on his supervisory status. (Doc. #1, p. 6). Plaintiff, however, has failed to allege any personal involvement of Defendant Shippley other than conclusory

statements that Defendants have violated his constitutional rights by allowing threats by other detainees and an assault. See Ellis, 179 F.3d at 1079. Therefore, if Plaintiff contends Defendant Shippley is involved in the denial of his federally protected rights due to his supervisory role, he is attempting to state a claim against Defendant Shippley under a theory of respondeat superior, which is not an actionable claim under Section 1983. See Frentzel v. Boyer, 297 Fed. Appx. 576, 577 (8th Cir. 2008) ("the doctrine of respondeat superior does not apply under section 1983"). Therefore, in the event that Plaintiff has attempted to assert a failure-to-protect claim against Defendant Shippley based solely on his supervisory role, Plaintiff's claim is dismissed.

### III. Retaliation

In Counts One, Four and Five, Plaintiff asserts allegations that Defendants have retaliated against him. Specifically, Plaintiff states Defendants Andrews, Moore, Artman, Hunter and Kegley produced false records "stating that he has a nicotine dependence, alcohol abuse, [and] delusional disorder." (Doc. #1, p. 7). Plaintiff claims Defendants "are not truthful in [their] dealings with this citizen, have attacked this citizen … in the past for unjustified reasons, SORTS staff provoke this citizen for filing civil rights lawsuits against them, encourage other residents to make false claims against this citizen…" Id. at 9-10. Plaintiff claims Defendants "are (1) friends with [their] co-workers, [and] (2) show certain resident(s) favoritism." Id. at 10. Plaintiff concludes "Dr. Hunter and his colleagues are in fact retaliating." Id.

"To establish a First Amendment retaliation claim under 42 U.S.C. § 1983, the plaintiff must show (1) he engaged in a protected activity, (2) the government official took adverse action against him that would chill a person of ordinary firmness from continuing in the activity, and (3) the adverse action was motivated at least in part by the exercise of the protected activity." Revels v. Vincenz, 382 F.3d 870, 876 (8th Cir. 2004) (quoting Naucke v. City of Park Hills, 284

F.3d 923, 927–28 (8th Cir. 2002)); see also L.L. Nelson Enters., Inc. v. Cnty. of St. Louis, Mo., 673 F.3d 799, 807–08 (8th Cir. 2012). "In the prison context, we have observed that prison officials are prohibited from 'punish[ing] an inmate because he exercises his constitutional right of access to the courts.'" Beaulieu v. Ludeman, 690 F.3d 1017, 1025 (8th Cir. 2012) (quoting Sisneros v. Nix, 95 F.3d 749, 751 (8th Cir. 1996)).

First, Plaintiff must plausibly plead that he engaged in a protected activity. Plaintiff alleges he has filed "previous meritable [sic] claims in Federal Court system in Missouri." (Doc. #1, p. 5). As civilly-committed persons retain their First Amendment rights to exercise the freedom of speech and to seek redress of grievances within the court, Plaintiff's use of the court system constitutes a protected activity. See Revels, 382 F.3d at 876.

As to the second and third elements, Plaintiff must plead facts demonstrating Defendants took "adverse action against him that would chill a person of ordinary firmness from continuing in the activity and the adverse action was motivated at least in part by the exercise of the protected activity." Id. Plaintiff concludes Defendants retaliated against him because he has filed civil rights claims against them. (Doc. #1, p. 5, 10). Plaintiff fails to allege anything more than conclusory statements that Defendants have produced false records, attacked Plaintiff and encouraged other people within the facility to make false claims against him. Id. at p. 7, 9-10. Plaintiff alleges no specific facts to suggest that the identified adverse actions were at all motivated by a protected activity. Plaintiff merely identified his protected activity (his filing of "civil rights lawsuits against [Defendants]"), and provides conclusory allegations that Defendants took action against Plaintiff as a result. Id. at p.10. Even assuming Plaintiff has sufficiently pleaded engagement in a protected activity and adverse action taken against him,

Plaintiff fails to plead any facts that would plausibly tend to suggest any causal connection between the two.

As a result of Plaintiff's purely conclusory allegations of causation, Plaintiff fails to allege any First Amendment retaliation violation. Accordingly, Plaintiff's retaliation claims against Defendants are dismissed.

**IV.     Conclusion**

Therefore, this Court concludes that Plaintiff has failed to assert an actionable claim against Defendants for failure-to-protect and retaliation. Accordingly, it is hereby

**ORDERED** that this case is **DISMISSED**, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief can be granted; and

**ORDERED** that Plaintiff's Motions for Appointment of Counsel (Docs. ##10, 11) are **DENIED** as moot.

/s/ Stephen R. Bough
STEPHEN R. BOUGH, JUDGE
UNITED STATES DISTRICT COURT

DATE: December 22, 2015